# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELAIDO PINEDO, <br><br> Petitioner, <br><br> v. <br><br> CHERYL PLILER, Warden, <br><br> Respondent. | Case No. 1:13-cv-01595-LJO-SAB-HC <br><br> FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS <br><br> [ECF NO. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial of murder. (LD[1] 1.) The jury also found a sentencing allegation to be true. (LD 1.) On March 20, 1998, Petitioner was sentenced to serve an indeterminate term of 35 years to life in state prison. (LD 1.)

Petitioner appealed. On March 24, 1999, the California Court of Appeals, Fifth

---

[1] "LD" refers to the documents lodged by Respondent with her motion to dismiss.

1

Appellate District, affirmed the judgment. (LD 3.) Petitioner petitioned for review in the California Supreme Court, and the petition was denied on June 3, 1999. (LD 4,5.) Petitioner did not file any post-conviction collateral challenges in the state courts.

On September 19, 2013, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On March 10, 2014, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1), and for failure to exhaust state remedies. Petitioner did not file an opposition.

## II.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for failure to exhaust state remedies. Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on September 19, 2013, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on June 3, 1999.  Thus, direct review concluded on September 1, 1999, when the ninety (90) day period for seeking review in the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999).  Petitioner had one year until September 1, 2000, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until September 19, 2013, which was over thirteen years beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

1.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations ran from September 2, 1999, to September 1, 2000. Petitioner did not file any state habeas petitions within the limitations period. Accordingly, Petitioner is not entitled to statutory tolling and the federal petition remains untimely. 28 U.S.C. § 2244(d).

2.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997)). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner makes no claim for equitable tolling, and the Court finds no reason to award

equitable tolling. Therefore, the petition remains untimely.

**C.    Exhaustion**

The petition presents two grounds for relief. Respondent contends that the second ground was never presented to the California Supreme Court and is therefore unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

In the instant petition, Petitioner presents two grounds for relief. In the petition for review before the California Supreme Court, Petitioner only presented the first ground. Therefore, Respondent is correct that the petition is a mixed petition containing exhausted and unexhausted claims and must be dismissed. 28 U.S.C. § 2254(b)(1). Given that the petition is time-barred, the dismissal should be with prejudice.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice for violating the statute of limitations and for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 24, 2014**

UNITED STATES MAGISTRATE JUDGE